Isagani Almonte CORONEL; Gail Abarro Coronel, Petitioners,

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–74881.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 \*\*.

Filed Dec. 28, 2007.

Robert J. Dupont, Wilner & O'Reilly, APLC, Beverly Hills, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Levings, Esq., Shahrzad Baghai, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM \*\*\*

Isagani Almonte Coronel and Gail Abarro Coronel seek review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") or-

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der denying their applications for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' contentions that the IJ and BIA violated their due process rights by disregarding their evidence of hardship does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED.**